JOSEPH C. PINNIX v. C. N. McADOO and MARK WILLY.

A sells a lot of tobacco to B, to be delivered at the depot by a certain day; A informs B of the delivery of the tobacco and requests him to come to the depot on the appointed day for a settlement, and if he, A, should be absent, to enquire of one F, the depot agent, for him; B arrives in the afternoon of the day appointed, after A had left, and as requested, enquires of F for A F informs B that A had left with him a lot of tobacco for him, B, at the same time handing an invoice for the same, made out in A's handwriting; B pays F for the tobacco, who, on the next day. remits the proceeds to A: *Held*, That these facts, standing alone, are *prima facie* evidence that F was the agent of A to deliver the tobacco and receive the money.

*Held further*, That the agency being thus established, the invoice and receipt, as well as the declaration of the agent, were properly admitted as evidence of the settlement of the plaintiff's claim for the tobacco.

CIVIL ACTION, tried at the Fall Term, 1872, of the Superior Court for ROCKINGHAM county, (to which it had been removed from the Superior Court of Caswell, on the affidavit of the defendants,) before *Tourgee, J.*

On the trial below, the plaintiff recovered a judgment

only for a part of the sum demanded in his complaint, from which judgment he appealed.

The other material facts in the case are fully stated in the opinion of the Court.

*Bailey*, for the plaintiff.
*Scales & Scales* and *Dillard*, contra.

READE, J.  Plaintiff had a claim against the defendants, and the defendants paid the claim to one Fitzgerald, as the agent of the plaintiff, and the plaintiff insists that there was no evidence to be left the jury, that Fitzgerald was his agent.

The facts are, that the plaintiff had sold to the defendants a lot of manufactured tobacco, in boxes of different weights and different brands and different prices; and finished delivering the tobacco at the depot on 5th December, and wrote to the defendants, who lived at a distance from the depot, as did also the plaintiff, to meet him at the depot on 6th December, and receive the tobacco and pay for it.  The defendants did not arrive at the depot until the evening of the 6th, after the plaintiff had left.

The defendants received a letter from the plaintiff, to the effect that if defendants did not find him at the depot when they got there, they must ask Fitzgerald, the depot agent, for him.  The defendant did not find the plaintiff at the depot, and when they asked Fitzgerald for him, he, Fitzgerald, produced a stated account in the plaintiff's handwriting, containing a detail of the number of boxes and weights and prices, with the additions, and received the money of the defendants, receipted the account and sent the money the next day to the plaintiff, and delivered the tobacco to the defendants.  We are of the opinion that these facts standing alone tend to prove, and *prima facie* do prove, that Fitzgerald was the plaintiff's agent to deliver

the tobacco, and to receive the money. There was much other testimony tending to prove the same, which it is not; necessary to state. How much was detracted from the weight of the evidence, by the fact that Fitzgerald could not remember whether the plaintiff had made him his agent or not, and could not remember signing the receipt, although he knew the signature was his, was a question for the jury.

2. The aforesaid stated account, with the receipt to which the plaintiff's name was signed by Fitzgerald, was admitted in evidence, and the plaintiff objected, for the reason, that, although Fitzgerald signed it, and thought he would not have signed it unless he had been authorized, yet there was no evidence that he was authorized. We have already said that we think there was evidence that he was authorized. And even if he had not signed the receipt at all, the account itself left with him under the circumstances aforesaid, is evidence tending to prove his agency. If I have a claim against a man, and name a day and place where and when I will meet him, to receive pay, and notify him that, if I am not there, he may call on A B, and he finds A B there with my claim made out in detail in my handwriting, and ready for payment, and the property in his hands ready for delivery, is that no evidence that A B was authorized by me to receive the money? Certainly it would be some evidence, and it would seem to be plenary.

3. The defendants asked Fitzgerald, if he was in the habit of receiving money and signing receipts for persons, without authority? And he said he was not. The plaintiff objected to this, and probably it was objectionable, standing alone. But the plaintiff had previously asked the witness whether he never sent money and packages left with him without the request of the parties to whom they were sent? And the witness answered he had; and it was,

in reply to this that the defendants asked their question. And we think it was proper.

4. One of the defendants was introduced, and was asked by his counsel, whether he had paid Fitzgerald, and if he had, why he had done so? And he answered that he had paid Fitzgerald, and that he had done so, because Fitzgerald told him that plaintiff had gone home but had left the tobacco with him to deliver, and had left the account all made out for him to receive the money. The plaintiff objected to Fitzgerald's declarations. The objection is untenable, because if Fitzgerald was plaintiff's agent, what he said was of course evidence, and we have already said that there was evidence of his agency. Especially is what Fitzgerald said evidence, because the plaintiff had referred the defendants to him. "If I am not there ask Fitzgerald for me." We would not be understood as saying that the declarations of an alleged agent are evidence to establish his agency. The rule is the other way, but the agency being established, then the declarations are admissible.

5. His Honor charged the jury that it was for them to say, from all the evidence submitted, whether Fitzgerald was the agent of the plaintiff to receive pay for the tobacco. And the plaintiff excepted to the charge. We think the charge was right. His Honor had already decided the preliminary question, that there was *prima facie* evidence of agency, so as to let in the agent's declarations.

And then after all the evidence was in, it was proper to leave it to the jury to say how far the *prima facie* case had been disproved and what was the weight of the whole evidence. The jury found that Fitzgerald was the agent of plaintiff to receive pay for the tobacco. And thereupon the defendants would have been entitled to a verdict; but it was admitted that a part of the payment was in a check which the plaintiff never realized. And therefore the plain-

tiff was entitled to judgment for the amount of the check, and he had judgment accordingly, and appealed.

There is no error. Affirmed. As the plaintiff appealed and recovered no more here than he recovered below, there will be judgment here for the plaintiff for the amount recovered below, and there will be judgment in favor of the defendants for costs.

PER CURIAM.                         Judgment affirmed.